UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY D. HEARD, | : | Case No. 3:10-cv-462 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| SELECTTECH SERVICES CORP., | : | |
| Defendant. | : | |

**DECISION AND ENTRY GRANTING MOTION TO DISMISS (DOC. 6) AND FURTHER DISMISSING THIS CASE FOR FAILURE TO PROSECUTE**

This civil case is before the Court on the Motion of Defendant SelectTech Services Corp. ("SelectTech") to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not respond to Defendant's Motion within the time frame set forth in Local Rule 7.2(a)(2). As a result, the Court issued an Order to Show Cause on June 27, 2011 ordering Plaintiff to show cause, in writing and within 15 days, as to why the Motion to Dismiss should not be granted. Plaintiff failed to respond to the Court's Order to Show Cause. These issues are now ripe for disposition by the Court.

**I. FACTS**

For purposes of this motion to dismiss, the Court must: (1) view the Complaint in the light most favorable to Plaintiff, and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The following are the allegations set forth in Plaintiff's Complaint:

Plaintiff is an African-American currently employed by SelectTech as a Real Property Building Manager ("RPBM"), and has been employed in such position since November 7, 2005. (Doc. 1). Plaintiff alleges that Glenda Tool, a Caucasian female co-employee and fellow RPBM with SelectTech, "has made a concerted effort to, and has in fact helped to create a hostile work environment for Plaintiff." (*Id.*)

Plaintiff contends that Tool has: (a) falsely accused him of leaving the entrance door to SelectTech unlocked; (b) allowed unauthorized persons into buildings he manages without notifying him; (c) entered facilities where Plaintiff is primary RPBM and, without authorization to do so, submitted work orders for Plaintiff to perform; (d) torn down a board that Plaintiff requested mounted, used profanity toward Plaintiff and workers mounting the board, and threw her shoes at the board; (e) made improper inquiries to customers in a building where Plaintiff serves as primary RPBM; and (f) directed professional visitors and business contacts to speak to her. (*Id.*) Plaintiff argues that such conduct has contributed to a hostile work environment. Further, Plaintiff contends that he is treated differently from similarly-situated employees on the basis of his race. (*Id.*)

Plaintiff alleges that he reported Tool's conduct to SelectTech's CEO, Robert Finch, and that no corrective action was taken against Tool "to correct the inappropriate and unlawful discrimination." (*Id.*) Instead, Finch "advised Plaintiff to just get along with Tool." (*Id.*) Plaintiff also contends that once Tool learned of Plaintiff's complaints about her conduct to Finch, Tool "retaliated by making false and unwarranted allegations regarding Plaintiff's work and falsely accus[ing] Plaintiff of stealing supplies from customers." (*Id.*) Plaintiff also alleges that, "[a]t the insistence of Tool and at the direction of Finch, Plaintiff''s whereabouts were monitored while those of similarly-situated co-workers were not." (*Id.*)

Plaintiff also alleges that an employee of the United States at Wright Patterson Air Force Base, Mary McClellan, a Caucasian female, conspired with Tool to create a hostile work environment. (*Id.*) Plaintiff contends that McCellan refused to directly communicate with him regarding assignments and was unfairly critical of his work performance. (*Id.*)

## II. PROCEDURAL HISTORY

Plaintiff filed this action on December 14, 2010. (Doc. 1). The Complaint sets forth four causes of action: (1) hostile work environment based on race; (2) race discrimination in violation of Title VII of the Civil Rights Act; (3) retaliation in violation of Title VII of the Civil Rights Act; and (4) intentional infliction of emotional distress. Defendant SelectTech has moved for dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff failed to file any response to Defendant's Motion, and the time for doing so has expired. Further, Plaintiff has failed to respond to the Court's Order to Show Cause as to why this case should not be dismissed for the reasons set forth in Defendant's Motion.

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing Twombly, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (citing Fed. Rule Civ. Proc. 8(a)(2)).

## IV. ANALYSIS

Plaintiff's failure to respond to the Court's Order to Show Cause warrants dismissal of this action for lack of prosecution and for failure to comply with an order of the Court. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have an inherent power to sua sponte dismiss civil actions for want of prosecution); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991). Moreover, dismissal of Plaintiff's federal claims asserting hostile work environment, discrimination and

retaliation, as well as Plaintiff's state law claim of intentional infliction of emotional distress, is warranted on the merits because the Complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949.

### Federal Claims

To prevail on a claim of hostile work environment based on race, Plaintiff must prove that: "(1) [he] was a member of a protected class; (2) [he] was subjected to unwelcomed harassment; (3) the harassment was based on sex or race; (4) the harassment created a hostile work environment; and (5) employer liability." *Ladd v. Grand Trunk Wester R.R., Inc.*, 552 F.3d 495, 500 (6th Cir. 2009) (citing *Williams v. General Motors Corp.*, 187 F.3d 553, 561 (6th Cir.1999)); *see also Michael v. Caterpillar Fin. Services Corp.*, 496 F.3d 584, 600 (6th Cir. 2007).

To prevail on a claim asserted under Title VII, a plaintiff "must show that an adverse employment action was related to an employer's discriminatory animus towards the employee based on a protected characteristic" such as the employee's race. *McCray v. Potter*, 263 Fed. Appx. 771, 773 (11th Cir. 2008). Absent direct evidence of discrimination, a prima facie case of race discrimination is demonstrated if Plaintiff shows that: "1) he is a member of a protected class; 2) he was qualified for his job and performed it satisfactorily; 3) despite his qualifications and performance, he suffered an adverse employment action; and 4) that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class." *Johnson v. University of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000) (citations omitted).

To prevail on a claim of retaliation, "[a] plaintiff must . . . prove that: (1) he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment." *Lindsay v. Pizza Hut of America*, 57 Fed. Appx. 648, 649 (6th Cir. 2003) (citing *Morris v. Oldham County Fiscal Court*, 201 F.3d 784 (6th Cir.2000)).

Here, with regard to Plaintiff's discrimination and hostile work environment claims, there are no allegations that any of the alleged harassment or allegedly discriminatory conduct was based on race. While the Complaint sets forth a number of specific incidents of conflict between Plaintiff, Tool and, perhaps, McCellan, none of those incidents "seem do have anything to do with . . . race[.]" *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (finding a claim asserting hostile work environment insufficient where allegations of "problems . . . experienced with . . . co-workers and supervisors did "not seem to have anything to do with gender, race, or age harassment[,]" but instead, merely told "a story of a workplace dispute"); *see also Williams v. United States Steel Workers of America*, No. 1:09-cv-743, 2010 WL 909883, at *5 (S.D. Ohio Mar. 10, 2010) (dismissing race and age discrimination claims where plaintiff plead "no facts from which the Court [could] infer that . . . conduct was motivated by race - or age - animus").

Further, with regard to Plaintiff's race discrimination claim, while Plaintiff states that he "is informed and believes that he is treated adversely to similarly-situated

employees on the basis of his race[,]" nowhere does Plaintiff set forth any facts supporting his conclusory allegation in that regard. *See Curry v. Phillip Morris USA, Inc.*, No. 3:08cv609, 2010 WL 431692, at *3 (W.D.N.C. Feb. 4, 2010) (dismissing a disparate treatment claim where, among other failures, Plaintiff failed to "identify the 'similarly situated employees' outside of her protected class," and failed to "describe the alleged misconduct for which these individuals received no disciplinary action"); *see also Williams*, 2010 WL 909883, at *5.

With regard to Plaintiff's discrimination and retaliation claims, the Complaint is wholly devoid of factual allegations plausibly showing that Plaintiff suffered an adverse employment action. "An adverse employment action is a 'materially adverse change in the terms or conditions of . . . employment because of [the] employer's conduct.'" *Mitchell v. Vanderbilt University*, 389 F.3d 177, 182 (6th Cir. 2004) (citing *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885 (6th Cir.1996). Materially adverse changes "in employment conditions 'must be more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Id*. (citations omitted). "[D]e minimis employment actions are not materially adverse and, thus, not actionable.'" *Id*. (citing *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir.2000)).

The Complaint contains no allegations that Plaintiff's job responsibilities have been altered or that the alleged conduct presented more than mere inconvenience. While Plaintiff contends that Tool, Plaintiff's co-employee, and McClellan, a government employee, have either made false accusations regarding Plaintiff and/or unfairly criticized his work, there are no allegations that anyone, including Plaintiff's superiors, believed such accusations or that the terms and conditions of Plaintiff's employment have been

materially and adversely changed as a result. (Doc. 1). At most, the accusations resulted in closer monitoring of Plaintiff's whereabouts on the job. (*Id*.) Otherwise, the factual allegations are entirely clear that Plaintiff remains an employee of SelectTech in the same position he has maintained for over five years. (*Id*.)

Absent factual allegations tending to demonstrate discrimination or harassment motivated by Plaintiff's race, that similarly situated employees were treated differently than Plaintiff, or that Plaintiff suffered an adverse employment action, Plaintiff "has not 'nudged [his] claims' . . . 'across the line from conceivable to plausible[,]'" and therefore, Plaintiff's discrimination, hostile work environment and retaliation claims must be dismissed. *Iqbal*, 129 S.Ct. at 1950-51. Accordingly, Defendant's Motion to Dismiss (Doc. 6) is **GRANTED** with regard to Plaintiff's federal claims asserting race discrimination, hostile work environment and retaliation.

### Intentional Infliction of Emotional Distress

Finally, Plaintiff's intentional infliction of emotional distress claim must be dismissed. As set forth by a recent case in this district:

> To state a claim for intentional infliction of emotional distress in Ohio, a plaintiff must allege that: (1) the defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the plaintiff; (2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) defendant's conduct was the proximate cause of plaintiff's psychic injury; and (4) plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it.

*Anoai v. Milford Exempted School Dist.*, No. 1:10-cv-44, 2011 WL 53164, at * (S.D. Ohio Jan. 6, 2011) (citing *Ekunsumi v. Cincinnati Restoration, Inc.*, 120 Ohio App.3d 557, 698 N.E.2d 503, 506 (Ohio Ct.App.1997)).

Here, the Complaint sets forth no facts plausibly showing that Plaintiff suffered emotional distress, especially emotional distress to a degree that no person could be expected to endure it. Further, the conduct alleged falls well short of the extreme and outrageous conduct required to prevail on such a claim. Accordingly, Defendant's Motion to Dismiss (Doc. 6) with regard to Plaintiff's intentional infliction of emotional distress claim is **GRANTED**.

## V. CONCLUSION

Accordingly, based on the foregoing, Defendant's Motion to Dismiss (Doc. 6) is **GRANTED** and this case is **DISMISSED** on the merits of Defendant's Motion and as a result of Plaintiff's failure to prosecute.

**IT IS SO ORDERED.**

Date: 7/14/11

Timothy S. Black
United States District Judge